## Case No. 276.

### The AMELIA.

[18 Leg. Int. 357; 4 Phila. 412.]

District Court, E. D. Pennsylvania. July 1, 1861.

PRIZE—DISPOSITION OF CAPTIVES—NAVAL AND JUDICIAL COGNIZANCE.

[A prize master reported to the court that he had delivered the prize to the marshal of the district, and had permitted the persons found on board to go ashore, for their greater comfort, they "remaining willingly subject to the orders of the judge of this court." Held, that such persons were not subject to the order of the court, but were in custody of the naval captors, and that their detention or discharge was purely a matter of naval, and not judicial, cognizance.]

In admiralty. The following proceeding was had in the case of the Amelia:

Eastern District of Penn'a.
In the U. S. District Court.
To the Hon. John Cadwalader,
Judge of said Court:

The undersigned begs leave to report, that about one o'clock, P. M. of Saturday, 29th June, 1861, he gave the possession of the ship Amelia, of which he has been prize master, to the marshal of this district, and has since that time aided him in the custody and safe keeping of the said ship and her cargo; and that he has allowed all the persons sent with him on the ship to this port, viz., the captain, his wife, the cook and his wife and daughter, to go ashore, for their greater comfort, there being no conveniences for them on board the vessel; and each and all of them remaining willingly, subject to the orders of the judge of this court.
(Signed)
Acting Master, John W. Bentley,
U. S. Navy, and Prize Master of
Ship Amelia.
Phila., 1st July, 1861.

## Case No. 277.

### The AMELIA.

[18 Leg. Int. 388; 4 Phila. 417.]

District Court, D. Pennsylvania. Nov. 26, 1861.

PRIZE—LAWFUL PRIZE—BOOKS FOR PUBLIC LIBRARY.

Books intended for a public library will not be confiscated in a prize court.

In admiralty.

And now, 26th November, 1861, this case was heard upon the claim of Mitchell King, of Charleston, South Carolina, for two cases of books, marked "The University of North Carolina, Chapel Hill, North Carolina, care of Mitchell King, Esq., Charleston. South Carolina, Nos. 1 and 2," received and filed on the 14th instant, with the written consent of the District Attorney of the United States. And the affidavit of John Pennington, taken on the 16th instant, and this day filed, being read by consent, and the letter of the said claimant therein mentioned being put in evidence, and it appearing to the court that other parts of the said letter than are extracted in the said affidavit should be considered in forming an opinion as to the sufficiency of the authority

conferred upon Mr. Pennington to receive the said two cases of books, the said letter is filed of record. And the said claim having been considered upon the above mentioned papers, and upon the documents on board of the captured vessel, the court said: Though this claimant, as the resident of a hostile district, would not be entitled to restitution of the subject of a commercial adventure in books, the purpose of the shipment in question, gives to it a different character. The United States, in prosecuting hostilities for the restoration of their constitutional authority, are compelled incidentally to confiscate property captured at sea, of which the proceeds would otherwise increase the wealth of that district. But the United States are not at war with literature in that part of their territory. The case of the pictures of the Philadelphia Academy of Fine Arts, liberated by a British colonial prize court in the war of 1812, the prior proceedings in France mentioned in the report of that case, and the French and other decisions upon cases of fishing vessels, are precedents for the decree which I am about to pronounce. Without any such precedents, I would have had no difficulty in liberating these books. Whereupon, it is ordered, adjudged and decreed, that the said two cases of books be liberated from the custody of the marshal, and delivered to the said John Pennington.